_signature_

**George B. Nielsen, Bankruptcy Judge**
_____

1 | *TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
2 | Suite 2200
Phoenix, Arizona  85012-3133
3 | Telephone: (602) 710-1005
tdake@cox.net
4 |
**Terry A. Dake - 009656**
5 |
Attorney for Trustee
6 |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| SRJ CONSTRUCTION & DESIGN, LLC | ) | Case No. 2:14-BK-06866-GBN |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER**

This matter having come before the Court on February 24, 2015 at 2:00 p.m. for a hearing on the trustee's Motion To Approve Compromise (Admin. Dkt. No. 67); and

It appearing that notice of the trustee's motion was duly given to all creditors and parties in interest (Admin. Dkt. Nos. 68, 69); and

The Court having considered the objections and reservations of rights that have been filed at Admin. Dkt. Nos. 70, 71, 72, 81, 87, 92, 93 and 94); and

The settling parties having agreed to increase the amount to be paid to the bankruptcy estate from $45,000.00 to $100,000.00;

The Trustee, on behalf of the Debtor's bankruptcy estate, asserting that he possesses the authority to settle only those claims against Jung, SRJ Development, Jung Trust, SRJ Ventures, Construction

1

1

General, Double Trouble, Stoops and Hirsch that are property of the bankruptcy estate and within his authority to settle;

The parties acknowledging that a dispute exists concerning which claims against these parties are and are not property of the bankruptcy estate, but being willing to enter into the Settlement Agreement without this question being resolved either by or prior to the entry of this order; and

The Court having reviewed the motion and finding that the compromise in the increased amount of $100,000.00 is a reasonable exercise of the trustee's business judgment and that the compromise is otherwise reasonable and in the best interest of the estate; and

The Court being otherwise duly advised;

**IT IS ORDERED** that the Motion To Approve Compromise at Admin. Dkt. No. 67, which is amended by this order to increase the payment that is due to the estate to $100,000.00, shall be and the same is hereby approved.

**IT IS FURTHER ORDERED:**

1. The attached Settlement Agreement is approved and the terms thereof shall be and are hereby made binding upon the parties thereto provided, however, that the amount to be paid to the bankruptcy estate is $100,000.00.

2. The payment due to the bankruptcy estate shall be sent to the trustee at the following address:

> **ROBERT A. MACKENZIE, TRUSTEE**
> 2001 E. CAMPBELL AVE., SUITE 200
> PHOENIX, AZ 85016

2

Case 2:14-bk-06866-GBN    Doc 103    Filed 03/19/15    Entered 03/20/15 07:40:43    Desc
Main Document    Page 2 of 12

3. The liens asserted by SAS Construction Holdings, LLC ("SAS") and Robert B. Schwab ("Schwab"), if any, are preserved. This order shall not be construed as a determination by the Court, or admission by the Trustee, that the asserted liens of SAS and Schwab actually apply to the settlement proceeds. This order shall also not prohibit or prevent the attachment of any liens asserted by SAS and Schwab to the settlement proceeds as a matter of law or right. All parties reserve all defenses and rights, respectively, concerning the settlement proceeds payable to the bankruptcy estate and the asserted liens.

4. The rights of creditors Brody, Kravitz, SAS and Schwab to contest and establish the limited scope and effect of the release given by the Trustee in the attached Settlement Agreement, and to oppose any effort by Mr. Jung, or any other party, to use the release given by the Trustee as a defense to any claim that is not property of the debtor's bankruptcy estate, or not within the scope of a strict interpretation of the provision granting such release, are reserved.

5. Notwithstanding any language contained in the Settlement Agreement that could be construed to suggest the contrary, the releases and dismissals contemplated under the Settlement Agreement are not intended and should not be construed to settle or extinguish any claims that are not the property of the bankruptcy estate, pursuant to 11 U.S.C. §541(a)(1).

6. The determination of whether a claim is or was property of the bankruptcy estate, whether the Trustee had the authority to settle such claim(s), and whether the Settlement Agreement extinguishes such claim(s), shall be made by this court unless this court determines that it lacks jurisdiction to determine these questions. No creditor shall

3

seek review of these issues in state court unless this court has first determined that it lacks the jurisdiction to decide them.

       7. The hearing scheduled for March 26, 2015 at 2:00 p.m. is vacated.

**DATED AND SIGNED ABOVE.**

APPROVED AND AGREED:

By: /s/ Thomas A. Stoops
Thomas A. Stoops
Stoops, Denious, Wilson & Murray
3200 N. Central Ave., #1850
Phoenix, Arizona 85012
Phone: 602-274-7700
Tstoops@stoopsazlaw.com

By: /s/ Wesley D. Ray
Wesley D. Ray
Polsinelli, P.C.
City Scape Plaza
One E. Washington St. #1200
Phoenix, Arizona 85004
Phone: 602-650-2005
wray@polsinelli.com

By: /s/ Alysse M. Medina
Alysse M. Medina
May Potenza Baran & Gillespie, PC
201 N. Central Ave., 22nd Floor
Phoenix, Arizona 85004
Phone: 602-252-1900
amedina@maypotenza.com

By: /s/ Brian A. Weinberger
Brian A. Weinberger, Esq.
Weinberger Law
9375 E. Shea Blvd., Suite 152
Scottsdale, Arizona 85260
Phone: 480-214-9832
Brianweinbergerlaw@gmail.com

4

1

2

3

4  By:  /s/ Terry A. Dake
    Terry A. Dake
5  Terry A. Dake, LTD
    20 E. Thomas Rd., Ste 2200
6  Phoenix, Arizona 850123
    Phone: 602-710-1005
7  tdake@cox.net

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between: (i) Scott Richard Jung and Suzanne P. Jung ("Jung"), (ii) SRJ Development, LLC, an Arizona limited liability company ("SRJ Development"); (iii) Scott Richard Jung and Suzanne Peirce Jung Revocable Trust, dated October 8, 2007, as amended and restated from time to time, Scott Richard Jung and Suzanne Peirce Jung, as Trustees ("Jung Trust"); (iv) SRJ Ventures, LLC, an Arizona limited liability company ("SRJ Ventures"); (v) Construction General, LLC, an Arizona limited liability company ("Construction General"); (vi) Double Trouble, LLC, an Arizona limited liability company ("Double Trouble") (vii) Robert A. Mackenzie ("Trustee"); (viii) Thomas A. Stoops ("Stoops"); (viiii) Lawrence D. Hirsch ("Hirsch") (Jung, SRJ Development, Jung Trust, SRJ Ventures, Construction General; Double Trouble, Trustee, Stoops and Hirsch, collectively the "Parties" and each individually a "Party") hereby stipulate and agree as follows:

## RECITALS

1.1     On May 7, 2014, SRJ Construction & Design, LLC initiated a Chapter 7 bankruptcy proceeding in the District of Arizona by filing a voluntary bankruptcy petition ("Petition Date") thereby initiating bankruptcy case no. 2:14-bk-06866-GBN ("Bankruptcy Case").

1.2     The Trustee is the Chapter 7 Trustee in the Bankruptcy Case.  The Debtor's bankruptcy estate owns any claims by the Debtor to avoid alleged transfers between the Debtor and other entities.

1.3     On July 7, 2014, Movants Kenneth & Karen Kravitz ("Movants") were granted an order lifting stay authorizing Movants to pursue claims in superior court, provided that all recoveries go to the bankruptcy estate and the Debtor's bankruptcy estate retained ownership of any such claims.

1.4     The Trustee, on behalf of the Debtor's bankruptcy estate, asserts sole ownership interest of any claims asserted or which may be asserted on the claims against Jung, SRJ Development, Jung Trust, SRJ Ventures, Construction General, Double Trouble, Stoops or Hirsch.

1.5     The Parties have entered into settlement negotiations to resolve issues related to the State Court Litigation and  the Bankruptcy Litigation and any claims which have not yet been brought to Court in either the State Court or the Bankruptcy Court. This Settlement Agreement is being executed to avoid the costs and uncertainty of litigation and is a compromise of *bona fide* claims and disputes.  The Parties acknowledge the receipt of good and fair consideration for the agreements contained herein.

## TERMS AND CONSIDERATION

1

2.1    The foregoing Recitals are incorporated without any difference or distinction between the segments of this Settlement Agreement.  The Parties acknowledge that each of the Recitals is true and correct.

2.2    Upon the Bankruptcy Court entering an order approving this Settlement Agreement, the Parties shall take the following actions within three business days:

   a.    Jung or a third-party of Jung's choosing, not SRJ Development, shall cause the total amount of $45,000 ("Settlement Funds") to be paid to the Trustee, on behalf of the Debtor's bankruptcy estate.  Jung shall provide documentation to the Trustee sufficient to verify that the Settlement Funds were not paid by SRJ Development, but rather, that the Settlement Funds were paid by Jung or a third-party.

   b.    Upon payment in full of the Settlement funds as described herein, all matters asserted or which could have been asserted on behalf of the Debtor's bankruptcy estate against Jung, SRJ Development, LLC, Jung Trust, SRJ Ventures, Construction General, Double Trouble, Stoops and Hirsch  shall be deemed satisfied and all matters pending asserting such claims shall be dismissed with prejudice.

2.3    Jung SRJ Development, LLC, Jung Trust, SRJ Ventures, Construction General, Double Trouble, Stoops and Hirsch,  release the Trustee and the Debtor's bankruptcy estate (but specifically not those who have taken action "for the benefit of the estate" but who were not appointed to represent the estate) from any and all claims, including abuse of process.  Nothing in this agreement releases any claims by Jung against any individual not a party to this agreement.

2.4    Upon receipt in full of the Settlement Funds as described herein and except for the obligations created by this Settlement Agreement, Jung and SRJ Development, Jung Trust, SRJ Ventures, Construction General, Double Trouble, Stoops and Hirsch, on the one side; and the Trustee, on behalf of the Debtor's bankruptcy estate, on the other side, release each other with prejudice.  The Trustee, on behalf of the Debtor's bankruptcy estate, releases Jung, SRJ Development, Jung Trust, SRJ Ventures, Construction General, Double Trouble, Stoops and Hirsch, from any claims which have been asserted or could have been asserted against Jung and/or SRJ Development on behalf of Debtor's bankruptcy estate, including any claims on behalf of Debtor's bankruptcy estate that were the subject of the stay lift order of July 7, 2014.

2.5    The Parties agree that irreparable damage would result from any Party's breach of this Settlement Agreement and further agree that a non-breaching Party may have no adequate remedy at law to redress such breach.  Therefore, the Parties agree that, in the event of a breach of this Settlement Agreement, specific performance and/or injunctive relief is appropriate to remedy any such breach of this Settlement Agreement.  As such, the party against whom specific performance is sought is barred and estopped from alleging that specific performance cannot be awarded because the moving party has an adequate remedy at law.  To clarify, the only defense that a defending party may assert against a request for specific performance is a defense based upon the merits that no breach has occurred.  Notwithstanding the foregoing, nothing contained

2

in this section shall be deemed a waiver by any non-breaching party hereto of any other rights or remedies available at law or in equity to redress any other party's breach of this Settlement Agreement.

2.6     This Settlement Agreement is entered into solely for the purpose of resolving the Parties' disputes as set forth herein and shall not be construed as an admission of liability by any of the Parties.

## GENERAL PROVISIONS

3.1     This Settlement Agreement contains the complete agreement between the Parties and no other document shall be relied upon by any of the Parties to supplement, modify, change, or affect the terms of this Settlement Agreement, unless entered into after the date of this Settlement Agreement and signed by all Parties hereto.

3.2     The Parties shall reasonably cooperate with each other to implement the terms and conditions of this Settlement Agreement and shall encourage and support third parties to do the same.

3.3     This Settlement Agreement shall be binding upon the Parties hereto, their successors and assigns.

3.4     The Parties have entered into this Settlement Agreement voluntarily and not under duress.    The Parties have consulted with their respective counsel about the terms of this Settlement Agreement and this Settlement Agreement is entered into at the advice and consent of legal counsel.

3.5     All Parties shall bear their own costs and attorneys' fees.    In the event that any Party breaches this Settlement Agreement, the non-breaching Party shall be entitled to an award of its reasonable attorneys' fees and costs incurred in the enforcement of this Settlement Agreement.

3.6     The Parties agree that this Settlement Agreement may be signed in multiple counterparts, including facsimile copies, and all such counterparts taken together shall constitute one complete instrument.

3.7     Except to the extent that federal (bankruptcy and non-bankruptcy) pre-emption applies, this Settlement Agreement shall be interpreted and enforced according to the laws of the state of Arizona, without giving effect to its rules regarding conflict of laws.

3.8     This Settlement Agreement is subject to Bankruptcy Court approval and shall become effective upon the Bankruptcy Court entering an order approve this Settlement Agreement.    The Trustee shall file the appropriate motion for Bankruptcy Court approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019.    Where the Bankruptcy Court does not approve it, this Settlement Agreement shall be null and void with no further effect.

3

3.9     The Bankruptcy Court shall retain jurisdiction to resolve all disputes concerning the interpretation and enforcement of this Settlement Agreement.

3.10    Time is of the essence with respect to all of the obligations under this Settlement Agreement.

AGREED:

_____          _____
Scott Richard Jung                                         Date

_____          _____
Suzanne P. Jung                                            Date


_____          _____
SRJ Development, LLC                                       Date

By_____

Its_____

Scott Richard Jung and Suzanne Peirce Jung Revocable Trust, dated October 8, 2007


By_
Scott Richard Jung, Trustee                        Date


By
Suzanne Peirce Jung, Trustee                       Date



_____
SRJ Ventures, LLC                                  Date

By_____

Its_____



Construction General, LLC                          Date

By_____

4

Its_____

_____
Double Trouble, LLC                    Date

By_____

Its_____


_____
Thomas A. Stoops                      Date

Lawrence D. Hirsch                     Date


_____        _9/23/14_____
Robert a. Mackenzie                    Date
Chapter 7 Trustee


5

_(signature)_

Thomas A. Stoops

_Sept 18 2014_

Date

_Larry D. Hirsh_

Lawrence D. Hirsch

_Sept 18 2014_

Date

Robert a. Mackenzie

Chapter 7 Trustee

Date

5

3.9 The Bankruptcy Court shall retain jurisdiction to resolve all disputes concerning the interpretation and enforcement of this Settlement Agreement.

3.10 Time is of the essence with respect to all of the obligations under this Settlement Agreement.

AGREED:

_____
Scott Richard Jung

_____9-18- 2014_____
Date

_____
Suzanne P. Jung

_____9-18-2014_____
Date

SRJ Development, LLC

By_____

_____9-18-2014_____
Date

Its_ MANAGER of SRJ Development LLC.

Scott Richard Jung and Suzanne Peirce Jung
Revocable Trust, dated October 8, 2007

By_____
    Scott Richard Jung, Trustee

_____9-18-2014_____
Date

By_____
    Suzanne Peirce Jung, Trustee

_____9-18-2014_____
Date

SRJ Ventures, LLC

By_____

_____9-18-2014_____
Date

Its_ Managing Member of SRJ Ventures LLC.

Construction General, LLC

By_____

_____9-18-2014_____
Date

Its_ Managing Member of Construction General LLC.

Double Trouble, LLC

By_____

_____9-18-2014_____
Date

Its_ Managing Member of Double trouble LLC.

4